## Logan v. Commonwealth.

(Decided September 21, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Judgment on Recognizance—When Court has not Power to Set Aside.—The Circuit Court has no power to set aside a judgment rendered on a recognizance or bail bond after the day upon which it was rendered.

D. J. BONNER for appellant.

JAMES BREATHITT, Attorney General, CHARLES H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

At the June term, 1910, of the Jefferson Circuit Court, Vilas Cecil was indicted for grand larceny. He was arrested and placed in jail, being unable to give bond which was fixed at $300.00. On July 2, 1910, on motion, his bail was reduced to $200.00, and appellant appeared in court and entered into a recognizance for his appearance, and Cecil was released from custody. On October 26, 1910, the day set for Cecil's trial, he failed to appear, and summons was duly issued against appellant to show cause why judgment should not be rendered against him on the recognizance. The summons was returnable on December 5, 1910, and upon that day Logan appeared in court with his counsel and the matter was continued until January 3, 1911, on which day counsel of Cecil and Logan filed an affidavit to the effect that Cecil was sick in October which prevented his appearance in court, and the case was continued to January 7, on which day A. C. Popham appeared in court and claimed that he was representing the counsel of appellant, and stated that counsel was very ill at his home and unable to appear in court. Notwithstanding this, the court rendered a judgment for $200.00 against Logan on the recognizance. On

January 12th, a motion was made to set the judgment aside, which was supported by the affidavit of the attorney, D. J. Bonner, which stated, in substance, that if he had not been sick and had been present in court on the day the judgment was rendered, he could have adduced before the court sufficient testimony to have prevented the judgment therein; but he did not state what the evidence was. He also stated that if he had not been sick on the 7th, he could have had Cecil in court or a certificate from his physician of his inability to be present, but he did not file any certificate as to the condition of Cecil. If he had been there on the 7th and have produced Cecil before the Court, section 98 of the Criminal Code would apply. It is as follows:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may at its discretion, remit the whole or a part of the sum specified in the bail bond."

But the affidavit shows that Cecil was not before the court at that time, nor was he under arrest, therefore, the court could not have exercised its discretion under that section. The cases of Commonwealth v. Runnion, 3, Met., 2, and Commonwealth v. Radford, 2 Duvall 9, appear to hold that the court has no power to set aside a judgment rendered on a recognizance or bail bond after the day upon which it was rendered. At all events, it was within the sound discretion of the court to act upon the facts presented to it.

No bill of exceptions was filed, and we are, therefore, not advised of what facts the lower court heard when it rendered the judgment and passed on the motion complained of. We must presume they were sufficient to justify the court's action.

For these reasons, the judgment of the lower court is affirmed.